# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

SUSAN M. COBAUGH,

              Petitioner,

 v.

                      9:12-CV-1798
SUPERINTENDENT, Bedford Hills         (GTS/ATB)
Correctional Facility,

              Respondent.

SUSAN M. COBAUGH, Petitioner pro se
PAUL B. LYONS, AAG, for Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

  This matter has been referred to me for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Glenn T. Suddaby, United States District Judge.

  Presently before this court is a petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Petitioner's judgment of conviction was entered in New York Supreme Court, Onondaga County, on February 2, 2005, and was based on her guilty plea to Murder in the Second Degree (N.Y.S. Penal Law § 125.25(1)). *People v. Cobaugh*, 60 A.D.3d 1348, 1348 (4th Dep't 2009). Petitioner was sentenced to an indeterminate term of 20 years to life imprisonment. (Feb. 2, 2005 Sentencing, Dkt. No. 11-3 at 39). On March 20, 2009, the Appellate Division unanimously affirmed the judgment of conviction. *People v. Cobaugh, supra*. On June 5, 2009, the New York Court of Appeals denied leave to appeal. *People v. Cobaugh*, 12 N.Y.3d 913 (2009).

Petitioner raises the following grounds in her petition:

1. Her guilty plea was fraudulently induced by the prosecutor (Pet. at 8, Dkt. No. 1).

2. Her conviction was obtained through "judicial misconduct" because the trial court refused to appoint "capitally qualified" counsel. (Pet. at 9, Dkt. No. 1).

3. Trial counsel was ineffective. (Pet. at 10, Dkt. No. 1).

4. Petitioner has "new evidence" that she is actually innocent. (Pet. at 11, Dkt. No. 1).

Respondent argues that the petition should be dismissed as time-barred. (Def.'s Mem. of Law, Dkt. No. 9). Petitioner has filed a traverse. (Dkt. No. 12). This court agrees with respondent that this action is time-barred, and will recommend denial of the petition.

## DISCUSSION

### I. Procedural History

Petitioner filed this application for habeas corpus relief on December 7, 2012. (Dkt. No. 1). The petition was dated December 3, 2012, and postmarked December 5, 2012. (Dkt. No. 1 at 6; Dkt. No. 1-3). On December 11, 2012, this court ordered service of the petition and an answer from the respondent. (Dkt. No. 4). This order discussed the possibility that the one-year statute of limitations for habeas corpus applications had run but noted that it would await the respondent's answer for a proper analysis. (*Id.*). On April 12, 2013, respondent filed her answer and memorandum of law, and on April 29, 2013, petitioner filed her traverse. (Dkt. Nos. 9, 10, 12).

## II. Statute of Limitations

### A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[1] *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of

---

[1] The ninety-day time period is the time that petitioner would have had to seek direct review of her conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150–51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

3

limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA, provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *affd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

4

B.   **Application**

1.   **Commencement Date**

The Appellate Division affirmed petitioner's judgment of conviction on March 20, 2009. *People v. Cobaugh*, 60 A.D.3d 1348 (4th Dep't 2009). The New York Court of Appeals denied leave to appeal on June 5, 2009. *People v. Cobaugh*, 12 N.Y.3d 913 (2009). Petitioner did not seek review in the United States Supreme Court, and thus the statute of limitations began to run 90 days later on September 3, 2009. Petitioner would have had until September 3, 2010, to file a petition for habeas corpus relief in federal court. Petitioner signed her original petition on December 3, 2012, clearly more than one year after the statute began to run. The petition is therefore untimely unless it was tolled.

2.   **Tolling**

a.   **Statutory**

As stated above, the one-year statute of limitations may be tolled during the time in which petitioner has "properly" filed an application for state post-conviction or other collateral review with respect to the pertinent decision. 28 U.S.C. § 2244 (d)(2). In this case, the statute of limitations began to run on September 3, 2009, and ran for 190 days, until petitioner filed her second pro se N.Y.S. C.P.L.R. § 440.10 motion ("440 motion") on March 12, 2010.[2] The statute was tolled for 522 days until August 16, 2011, when the Appellate Division denied petitioner's motion for reconsideration

---

[2] Petitioner's first 440 motion was filed on November 10, 2006, and completed on July 3, 2008, prior to the perfection of her direct appeal, so it had no effect on the limitations period. *See People v. Cobaugh*, 10 N.Y.3d 957 (2008).

from the order denying leave to appeal from the denial of petitioner's 440 motion.[3] Plaintiff would then have had until February 7, 2012, to file a habeas petition.

The limitations period ran for an additional 475 days, until petitioner signed her petition on December 3, 2012.[4] This was almost 10 months after the statute had expired on February 7, 2012. Thus, this petition is time-barred unless equitable tolling applied to lengthen petitioner's time to file.

### b. Equitable

Although the AEDPA does not specifically provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). In order to warrant equitable tolling, petitioner must show "(1) that [she] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). In *Diaz*, the Second Circuit reaffirmed the availability of equitable tolling in the appropriate circumstances. *Id.*

---

[3] Petitioner applied for leave to appeal the Appellate Division's decision to the Court of Appeals, but petitioner's application was dismissed because it was "not appealable." *People v. Cobaugh*, 17 N.Y.3d 902 (2011); *see also* Dkt. Nos. 11-12, 11-13. Because this leave application was not "properly filed," it did not toll the limitations period. 28 U.S.C. § 2244(d)(2).

[4] The limitations period ran for a total of 665 days (190 plus 475), which is 300 days beyond the one-year limit.

Petitioner argues that her "current incarceration is [her] extraordinary circumstance." However, her incarceration does not qualify as a "rare and exceptional" circumstance that would justify tolling the statute of limitations. Petitioner has been well aware of her claims for many years. She was clearly able to file challenges as demonstrated by the different motions related to her conviction. She filed her 440 motion while she was incarcerated, and she has filed this petition while incarcerated. Most habeas corpus petitioners are incarcerated and many proceed pro se. There is absolutely no indication that this court should apply equitable tolling to this case. Because neither statutory nor equitable tolling apply, this petition is barred by the statute of limitations, unless the actual innocence exception applies.

### 3.  **Actual Innocence**

Petitioner has filed her traverse, in which she argues that she has filed a 440 motion "for an actual innocence claim, where proof is now just materializing." (Pet.'s Traverse ¶ 3, Dkt. No 12). In *Rivas*, the Second Circuit stated that in the context of a criminal conviction, an equitable exception to the AEDPA limitations period would be recognized when the petition has made a "credible and compelling showing of his actual innocence . . . ." 687 F.3d at 552. To demonstrate "actual innocence," a habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him, but for the alleged constitutional violation. *Murden v. Artuz*, 497 F.3d 178, 194 (2d Cir. 2007), *cert. denied sub nom*. *Murden v. Ercole*, 552 U.S. 1150 (2008); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has not made a showing that no reasonable juror would have

7

convicted her. Petitioner relies on conclusory statements about "new evidence" that is apparently based on affidavits she does not possess. Petitioner states that she is "in the process" of obtaining an affidavit from her co-defendant recanting his Grand Jury testimony in full, and petitioner is "hopeful" that her trial attorneys will also be filing affidavits in support of her "unexhausted claim of actual innocence." (Pet.'s Traverse ¶ 11). This "new evidence" would directly contradict her sworn statements at her plea hearing, where she admitted that she was *not* actually innocent, that she intended to cause the death of the victim, and she intentionally helped or aided the man who actually killed the victim.[5] (Sept. 23, 2004 Plea Hearing 6–7, Dkt. No. 11-2). The alleged "new evidence" would also contradict petitioner's statement at her sentencing hearing, where she stated, "I accept responsibility for my role in Mr. Herbert's death," and admitted being in the victim's home when petitioner's co-defendent killed Mr. Herbert. (Feb. 2, 2005 Sentencing Hearing 32–33, Dkt. No. 11-3). This is not a case in which the actual innocence exception would apply. Thus, the statute of limitations in this action has long run, and the petition should be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED** as barred by the statute of limitations, and it is further

**RECOMMENDED**, that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within

---

[5] *See Doe v. Menefee*, 391 F.3d 147, 168–69 (2d Cir. 2004) (petitioner's admissions at plea hearing may be considered evidence of guilt, contradicting later claim of actual innocence).

8

which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: August 28, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge