UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUSAN M. COBAUGH,

                           Petitioner,

                                                                          9:12-CV-1798
v.                                                                         (GTS/ATB)

SABINA KAPLAN, Superintendent,
Bedford Hills Correctional Facility,

                           Respondent.
_____

APPEARANCES:                                           OF COUNSEL:

SUSAN M. COBAUGH
  Plaintiff, *Pro Se*
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, New York 10507

HON. ERIC T. SCHNEIDERMAN               PAUL B. LYONS, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Susan M. Cobaugh ("Petitioner") filed a petition for a writ of *habeas corpus* ("the Petition") pursuant to 28 U.S.C. § 2254 on December 7, 2012. (Dkt. No. 1.) By Report-Recommendation dated August 28, 2013, the Honorable Andrew T. Baxter, United States Magistrate Judge, recommended that the Petition be denied and dismissed pursuant to 28 U.S.C. § 2253(c)(2), and that a certificate of appealability not issue. (Dkt. No. 18.) Petitioner has not filed an objection to the Report-Recommendation, and the time period in which to do so has expired. For the reasons set forth below, Magistrate Judge Baxter's Report-Recommendation is accepted and adopted in its entirety, and the Petition is denied and dismissed in its entirety.

I.       RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual and procedural background of Petitioner's 2005 conviction for murder in the second degree but will simply refer the parties to the relevant portions of Magistrate Judge Baxter's Report-Recommendation, which accurately recite that factual background. (*See generally* Dkt. No. 18.)

A.       **Petitioner's Claims**

In her Petition filed on December 7, 2012, Petitioner asserts the following four claims: (1) a claim that her guilty plea was fraudulently induced by the prosecutor; (2) a claim that her conviction was obtained through "judicial misconduct" because the trial court refused to appoint "capitally qualified" counsel; (3) a claim that trial counsel was ineffective; and (4) a claim that Petitioner has "new evidence" that she is actually innocent. (Dkt. No. 1, at 8-11.)

B.       **Magistrate Judge Baxter's Report-Recommendation**

Generally, in his Report-Recommendation, Magistrate Judge Baxter recommends dismissal of the Petition due to Plaintiff's failure to file her petition within the one-year statute of limitations established by 22 U.S.C. § 2244. (Dkt. No. 18.) More specifically, Magistrate Judge Baxter determined as follows: (1) Petitioner filed her Petition more than two years after the limitations period began to run; (2) under the circumstances, Petitioner is not entitled to statutory or equitable tolling; and (3) Petitioner is not entitled to an exception under the Antiterrorism and Effective Death Penalty Act of 1996 because she cannot demonstrate "actual innocence." (*Id*. at Part II.B.)

II.      APPLICABLE LEGAL STANDARDS

A.       **Standard of Review**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.[3]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[4] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[6]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

[4] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

### B. Standard Governing Petitioner's *Habeas Corpus* Petition

Magistrate Judge Baxter has correctly recited the legal standard governing review of Petitioner's *habeas corpus* petition under the circumstances. (Dkt. No. 18, at Part II.A.) As a result, this standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

### III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Baxter. (Dkt. No. 18, at Part II.B.) Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. (*Id*.) As a result, the Court accepts and adopts Magistrate Judge Baxter's Report-Recommendation in its entirety for the reasons stated therein. (*Id*.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 18) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's Petition (Dkt. No. 1 ) is **DENIED** and **DISMISSED;** and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: December 11, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge